**Davis Polk**

Brian S. Weinstein
+1 212 450 4972
brian.weinstein@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2024

August 30, 2024

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: *Estate of Bernard J. Sherlip v. Morgan Stanley et al.*, Case No. 1:24-cv-04571-VEC

Dear Judge Caproni:

We represent Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley Smith Barney LLC ("MSSB") (collectively, "Defendants") in the above-referenced action. We write with consent of plaintiff, Estate of Bernard J. Sherlip ("Plaintiff," and collectively with Defendants, the "Parties").

Pursuant to Rule 5(B)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, the parties jointly move for leave to file in redacted form certain exhibits submitted by Defendants in support of Defendants' motion to dismiss, which are required to protect the privacy interests of Plaintiff, including the home address, phone number, email address, net worth, and annual income for the late Bernard Sherlip and his wife, as well as the name and phone number of a former MSSB financial adviser. Defendants have also redacted information in the exhibits consistent with Federal Rule of Civil Procedure 5.2(a).

The parties propose very limited and narrowly tailored redactions of personal information that has no bearing on the legal issues being addressed or the public interest—namely, personal contact information and financial information of the Plaintiff and his spouse (the "Sherlips") and the name and phone number of a former MSSB financial adviser.

This approach is consistent with the Second Circuit's analysis in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006), which recognized that the right of public access to judicial documents is not absolute and "the court must balance competing considerations against it." As part of that balancing, the Second Circuit has advised courts to "consider the degree to which the subject matter is traditionally considered private rather than public." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Here, the Defendants have legal and regulatory obligations to safeguard customers' personal information, and "personal and financial information implicate significant privacy interests that overcome a strong presumption of public access," particularly where, as here, "this information has minimal relevance" to the Court's resolution of the motion. *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (quotation marks omitted).

Accordingly, courts in this circuit have routinely permitted the redaction of parties' personal information. *See, e.g.*, *Cantinieri v. Verisk Analytics, Inc.*, 2024 WL 759317, at *4 (E.D.N.Y. Feb. 23, 2024) (permitting redaction of "Plaintiff's . . . personal information (i.e., addresses, phone numbers, etc.)"); *Robinson v. De Niro*, 2023 WL 3728350, at *1 (S.D.N.Y. May 26, 2023) (granting a joint motion to redact defendant's "home addresses, personal or otherwise non-public email addresses and phone numbers, and other sensitive information"); *Ripple*, 2023 WL 3477552, at *3; *SEC v. Waldman*, 2019 WL 1644965, at *1 (S.D.N.Y. Feb.

**Davis Polk**     Honorable Valerie E. Caproni

14, 2019) (permitting redaction of, among other things, "personal email addresses," "physical home addresses," and "[Defendant's] total net worth."); *Sterbens v. Sound Shore Med. Ctr. of Westchester*, 2001 WL 1549228, at *2 (S.D.N.Y. Dec. 5, 2001) (sealing private financial and personal data); Order Granting Application to Redact, *In re Mindbody, Inc. Securities Litigation*, No. 1:19-cv-08331 (S.D.N.Y. Aug. 9, 2021) (Caproni, J.) ECF No. 92 (granting permission to file documents containing party's personal financial information under seal). Additionally, courts regularly redact personally identifying information of a defendant's employees and former employees when not relevant to the disposition of the issue. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (redacting emails of "non-part[y]" Microsoft employees because they were "not relevant to the adjudication of the motions at hand"); *Lown v. Salvation Army, Inc.*, 2012 WL 4888534, at *2 (S.D.N.Y. Oct. 12, 2012) (granting a joint request to redact a former employee's personal information).

In the instant case, Plaintiff's interest in protecting Dr. and Mrs. Sherlip's sensitive, personal information is sufficient to "overcome a strong presumption of public access," *Ripple*, 2023 WL 3477552, at *3, and the third-party privacy interest of Morgan Stanley's former employees justifies redaction of the name and address of the former MSSB financial adviser, *see Kewazinga*, 2021 WL 1222122, at *5, especially since this information has no bearing on the Court's analysis of the motion to dismiss.

**Plaintiff's Additional Statement**

Plaintiff reserves the right to contest whether any document other than the complaint may properly be considered on Defendants' motion to dismiss.

*          *          *

| Relevant Material | Proposed Redactions[1] |
| --- | --- |
| Ex A – Signature Pages | The Sherlips' home address. Personal information and financial-account numbers consistent with Federal Rule of Civil Procedure 5.2(a). |
| Ex B – Dec. 1, 2012, Correspondence | The Sherlips' home address, personal phone numbers, net worth, and annual income, as well as the name and phone number of a former MSSB financial adviser. Personal information and financial-account numbers consistent with Federal Rule of Civil Procedure 5.2(a). |
| Ex E – Feb. 1, 2017, Correspondence | The Sherlips' home address, personal email addresses, personal phone numbers, net worth, and annual income, as well as the name and phone number of a former MSSB financial adviser. Personal information and financial-account numbers consistent with Federal Rule of Civil Procedure 5.2(a). |
| Ex F – Nov. 2, 2017, Correspondence | The Sherlips' home address, personal email addresses, personal phone numbers, net worth, and annual income, as well as the name and phone number of a former MSSB financial adviser. Personal information and financial-account numbers consistent with Federal Rule of Civil Procedure 5.2(a). |

---

[1] For the convenience of the Court, Defendants have applied yellow highlighting to those redactions made pursuant to Federal Rule of Civil Procedure 5.2(a), and have applied green highlighting to the Parties' proposed redactions.

**Davis Polk**  Honorable Valerie E. Caproni

The Parties thank the Court for its attention to this matter.

Respectfully submitted,

| SIMMONS HANLY CONROY LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| */s/ Thomas I. Sheridan* | */s/ Brian S. Weinstein* |
| Thomas I. Sheridan, III | Brian S. Weinstein |
| 112 Madison Avenue, 7th Floor | 450 Lexington Avenue |
| New York, New York 10016 | New York, New York 10017 |
| Tel: 212.784.6404 | Tel: 212.450.400 |
| tsheridan@simmonsfirm.com | brian.weinstein@davispolk.com |
| | *Counsel for Defendants Morgan Stanley, Morgan Stanley & Co. LLC, and Morgan Stanley Smith Barney LLC* |

and

Matthew L. Dameron
Clinton J. Mann
WILLAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, Missouri 64015
Tel: (816) 945-7110
matt@williamsdirks.com
cmann@williamsdirks.com

and

Bruce D. Oakes
Richard B. Fosher
OAKES & FOSHER, LLC
1401 Brentwood Boulevard, Suite 250
Saint Louis, Missouri 63144
(314) 804-1412
boakes@oakesfosher.com
rfosher@oakesfosher.com

*Counsel for the Plaintiff and the Putative Class*

cc:     All counsel of record (via ECF)

---

Application GRANTED. The Clerk of the Court is respectfully directed to place under permanent seal the filing at Dkt. 34.

SO ORDERED.

*[signature]*
9/23/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---