

Brian S. Weinstein
+1 212 450 4972
brian.weinstein@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

**MEMO ENDORSED**

November 21, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/2024
```

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

Re: *Safron Capital Corp. v. Morgan Stanley et al.*, Case No. 1:24-cv-7750-VEC and *Estate of Bernard J. Sherlip v. Morgan Stanley et al.*, Case No. 1:24-cv-4571-VEC

Dear Judge Caproni:

We represent Morgan Stanley and Morgan Stanley Smith Barney LLC (collectively, "Defendants") in the above-referenced actions and submit this letter jointly with counsel for the *Safron* and *Sherlip* plaintiffs.

**Consolidation**

Pursuant to the Court's November 14, 2024 Order (ECF No. 15) in the *Safron* action, the parties write to indicate their consent to the consolidation of the *Safron* action with the *Sherlip* action, which is reflected in the attached Joint Stipulation and Proposed Order. The Joint Stipulation and Proposed Order also requests that Defendants' deadline to move to dismiss or otherwise respond to the currently operative complaints in *Sherlip* and *Safron* be vacated until such time as this Court sets deadlines for the filing of a Consolidated Complaint and for the briefing of any motion to dismiss or other response to the Consolidated Complaint.

**Schedule for Filing Consolidated Complaint and Defendants' Response Thereto**

The Plaintiffs in the *Sherlip* action and Defendants have reached agreement on a proposed schedule for the appointing of Interim Class Counsel, filing of a Consolidated Complaint, and for Defendants' response to the Consolidated Complaint. The Plaintiff in the *Safron* action takes the position that the deadline to file a Consolidated Complaint should run from the date that the Judicial Panel on Multidistrict Litigation ("JPML") rules on a motion filed by counsel for the *Safron* plaintiff to consolidate the various cash sweep actions filed against various financial institutions in courts around the country into a nationwide MDL in this Court (the "JPML Motion"). The parties' positions are summarized below.

*Position of the* Sherlip *Plaintiffs and Defendants*

Plaintiffs in the *Sherlip* action and Defendants respectfully propose the following schedule:

- 21 days after the Court orders consolidation: Motions for appointment of Interim Class Counsel due;
- 14 days after the prior deadline: Responses to Interim Class Counsel motions due;
- 7 days after the prior deadline: Replies on Interim Class Counsel motions due;

**Davis Polk**   Honorable Valerie E. Caproni

- 45 days after the Court issues an Order appointing Interim Class Counsel: Deadline to file Consolidated Complaint;

- 45 days after the Consolidated Complaint is filed: Deadline for Defendants' answer or motion to dismiss; and

- If a motion to dismiss is filed:

    - 45 days after the motion to dismiss is filed: Deadline for Plaintiffs' opposition to the motion to dismiss;

    - 30 days after the Opposition to the motion to dismiss is filed: Deadline for Defendants' reply in support of the motion to dismiss.

The *Sherlip* Plaintiffs and the Defendants in both actions oppose the JPML Motion and do not believe there is any basis for the JPML to grant that motion, which seeks centralization of a number of cash sweep cases filed in different courts. Because each institution's cash sweep program is governed by different contracts, disclosures, and decision-making processes, and there is currently no contention that any of the institutions coordinated with one another with respect to their cash sweep programs, there are not common issues of fact between the cases filed against different financial institutions that would justify an MDL, nor are there meaningful efficiencies to be gained through an MDL. Instead, the only consolidation required is the type the parties have agreed to in these actions—that is, the consolidation of separate actions filed against the same financial institution. There is no reason for the filing of a Consolidated Complaint in the present actions to be delayed pending the JPML's decision on the JPML Motion, which has not yet been placed on the JPML calendar and will not even be heard for months.

It should also be noted that, in *In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333 (J.P.M.L. 2009), cited by the *Safron* Plaintiff below, several of the defendant banks consented to transfer to the MDL proceeding. But Morgan Stanley is the third defendant firm to go on record that it will either oppose a cash sweep MDL, or that an industry-wide MDL proceeding here is unlikely to succeed. *See Brickman Investments Inc. v. Wells Fargo & Co.*, No. 24-cv-7751 (S.D.N.Y.), ECF No. 27 at 3 (Wells Fargo defendants agreeing that the "likelihood" of the JPML "consolidating an industry-wide MDL here is low"); *Lourenco v. Ameriprise Financial, Inc.*, No. 24-cv-08825 (C.D. Cal. Nov. 8, 2024), ECF No. 26 (Ameriprise defendants stating that "there are strong grounds on which to oppose the MDL Motion's suggestion that an industry-wide proceeding would create efficiencies, and Defendants intend to do so.").[1]

*Position of the* Safron *Plaintiff*

Plaintiff Safron Capital Corp. believes the appropriate forum to discuss the merits of the pending JPML Motion is before the JPML. However, Safron's position is that the JPML Motion is likely to be granted. In each related action, the defendant institution is charged with the same practice of paying its customers unreasonably low interest rates through its respective cash sweep program. This fact alone suffices under Section 1407 to warrant MDL centralization. That there are currently 34 cash sweep actions against 12 financial institutions pending in nine different districts does not undermine the case for centralization, it

---

[1] Last night, counsel for the *Safron* Plaintiff filed a new action, *McKinney v. Morgan Stanley et al.*, No. 1:24-cv-08860. Defendants as well as the *Sherlip* Plaintiff have not had time to consider and do not yet take a position on whether, as the *Safron* Plaintiff suggests below, *McKinney* "should be related and consolidated with the *Sherlip* Action and the *Safron* Action."

**Davis Polk**  Honorable Valerie E. Caproni

reinforces it.[2]  The JPML routinely centralizes cases involving defendants operating within the same industry to promote efficiency, avoid inconsistent rulings, and conserve judicial resources.  MDL centralization would provide a range of pretrial techniques, such as the establishment of separate discovery and/or motion tracks, to streamline litigation—an issue that is, again, for the JPML to decide.  Nor do the differences between the contracts and/or disclosures make centralization any less likely.  As one of many examples, the JPML previously centralized related breach of contract actions against financial institutions arising out of their common practice of maximizing overdraft fees by debiting charges on customer accounts from largest to smallest.  *In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335 (J.P.M.L. 2009).  The transferee court accumulated related actions against more than 40 financial institutions, including some of the same ones named as defendants in cash sweep cases, and aptly handled all pretrial proceedings.  *See generally In re Checking Account Overdraft Litig.*, No. 1:09-md-2036 (S.D. Fla.).  The *Sherlip* Plaintiffs and the Defendants say that case was different because "several" defendants consented to centralization.  But the position of the defendant financial institutions and each additional plaintiff in the related cash sweep actions is not yet known.  And the three defendants that have voiced an opinion have, at best, merely stated their intention to oppose.  Importantly, those positions are subject to change.  *See Overdraft Litig.*, 626 F. Supp. 2d at 1334 (noting that two defendant banks initially opposed centralization, but changed their minds at the JPML's hearing session).

In addition, Safron believes the JPML will likely order centralization in this District because many of the cash sweep agreements and disclosures are governed by New York law, all of the cash sweep defendants are located in New York, and all appearing counsel hail from law firms with New York offices.  What's more, more than half of the current defendant institutions face New York statutory claims.

In any event, as long as the JPML Motion remains pending, it would be premature to schedule the filing of a Consolidated Complaint before the ultimate forum and parties are determined.  Indeed, despite the Wells Fargo defendant's reservation mentioned by the *Sherlip* Plaintiffs and the Defendants, Wells Fargo agreed to stay all proceedings to avoid unnecessary expense and burden pending the JPML's decision.  To maintain organization and ensure a smooth transition regardless of the outcome, Safron agrees that interim class counsel should be appointed pending the JPML's decision.  However, even if the Court were to decide that the deadline to file a Consolidated Complaint should not run from the date the JPML Motion is decided, Safron disagrees with the rest of the *Sherlip* plaintiffs and the Defendants' proposed schedule, which seems unnecessarily luxurious given the nature of the claims and the time the Defendants will have had to evaluate them and prepare a response.

Accordingly, Safron respectfully proposes the following schedule:

- 21 days after the Court orders consolidation: Motions for appointment of Interim Class Counsel due;

- 14 days after the prior deadline: Responses to Interim Class Counsel motions due;

- 7 days after the prior deadline: Replies on Interim Class Counsel motions due;

- 30 days after the JPML's decision on the JPML Motion: Deadline to file Consolidated Complaint;

---

[2]  Another action captioned *McKinney v. Morgan Stanley et al.*, No. 1:24-cv-08860, was filed with Statements of Relatedness to the *Sherlip* Action and *Safron* Action on November 20, 2024, and should be related and consolidated with the *Sherlip* Action and the *Safron* Action.

- 30 days after the Consolidated Complaint is filed: Deadline for Defendants' answer or motion to dismiss; and

- If a motion to dismiss is filed:

    - 30 days after the motion to dismiss is filed: Deadline for Plaintiffs' opposition to the motion to dismiss;

    - 15 days after the Opposition to the motion to dismiss is filed: Deadline for Defendants' reply in support of the motion to dismiss.

*   *   *

We thank the Court for its consideration. If helpful to the Court, the parties are available for a conference at the Court's earliest convenience to resolve the parties' disagreement.

Respectfully submitted,

| | |
|---|---|
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **DAVIS POLK & WARDWELL LLP** |
| */s/ Stephen R. Astley* | */s/ Brian S. Weinstein* |
| Stephen R. Astley | Brian S. Weinstein |
| Andrew T. Rees | 450 Lexington Avenue |
| Rene A. Gonzalez | New York, New York 10017 |
| 225 NE Mizner Boulevard, Suite 720 | Tel: 212.450.400 |
| Boca Raton, Florida 33432 | brian.weinstein@davispolk.com |
| Tel: 561.750.3000 | *Counsel for Defendants Morgan Stanley and Morgan Stanley Smith Barney LLC* |

and

Jack G. Fruchter
ABRAHAM FRUCHTER & TWERSKY LLP
450 7th Avenue, 38th Floor
New York, New York
Tel: 212.279.5050

*Counsel for Plaintiff Safron Capital Corp.*

**WILLIAMS DIRKS DAMERON LLC**

*/s/ Matthew L. Dameron*
Matthew L. Dameron
Clinton J. Mann
1100 Main Street, Suite 2600
Kansas City, Missouri 64015
Tel: 816.945.7110
matt@williamsdirks.com
cmann@williamsdirks.com

and

**Davis Polk**   Honorable Valerie E. Caproni

Thomas I. Sheridan, III
Sona R. Shah
SIMMONS HANLY CONROY LLP
112 Madison Avenue
New York, New York 10016
Tel: 212.784.6404
tsheridan@simmonsfirm.com
sshah@simmonsfirm.com

*and*

Bruce D. Oakes
Richard B. Fosher
OAKES & FOSHER, LLC
1401 Brentwood Boulevard, Suite 250
Saint Louis, Missouri 63144
(314) 804-1412
boakes@oakesfosher.com
rfosher@oakesfosher.com

*and*

Salvatore J. Graziano
John Rizio-Hamilton
Avi Josefson
Adam Wierzbowski
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1251 Avenue of the Americas
New York, NY 10020
Tel: 212. 554.1400
salvatore@blbglaw.com
johnr@blbglaw.com
avi@blbglaw.com
adam@blbglaw.com

*and*

Robert J. Jackson, Jr.
BUZIN LAW, P.C.
3003 Purchase Street
P.O. Box 529
Purchase, NY 10577
Tel: 212.879.8100
robert.j.jackson@nyu.edu

*and*

Michael Dell'Angelo
Alex B. Heller
BERGER MONTAGUE PC

**Davis Polk**  Honorable Valerie E. Caproni

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
mdellangelo@bm.net
aheller@bm.net

*and*

Alan L. Rosca
Jonathan A. Korte
ROSCA SCARLATO LLC
2000 Auburn Drive, Suite 200
Beachwood, OH 44122
Telephone: (216) 946-7070
arosca@rscounsel.law
jkorte@rscounsel.law

*and*

Paul J. Scarlato
ROSCA SCARLATO LLC
161 Washington Street, Suite 1025
Conshohocken, PA 19428
Telephone: (216) 946-7070
pscarlato@rscounsel.law

*Counsel for Plaintiffs Estate of Bernard J. Sherlip and The Barrett Living Trust*

cc:   All counsel of record (via ECF)

---

Not later than **Wednesday, November 27, 2024,** the parties must submit a joint letter indicating whether they believe that the newly filed case, *McKinney v. Morgan Stanley et al.* (24-cv-8860), should be consolidated with these cases if it is assigned to the Undersigned as a related case. The letter must be filed on the dockets for all three cases.

SO ORDERED.

*[signature]* 11/22/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE